UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>v.<br><br>OMAR RAMON HERNANDEZ HIDALGO<br><br>Defendant. | Case No.: 19cr2210-LAB<br><br>**ORDER DENYING MOTION FOR REDUCTION OF SENTENCE**<br>[Dkt. 34] |

In 2020, Omar Ramon Hernandez-Hidalgo ("Hernandez-Hidalgo") pled guilty to Importation of Methamphetamine and Importation of Fentanyl in violation of 21 U.S.C. §§ 952 and 960. The Court imposed a total sentence of 71 months followed by 3 years of supervised release. According to the BOP website, his projected release date is June 2, 2024. Hernandez-Hidalgo moves for a reduction of sentence under 18 U.S.C. § 3582(c)(1)(A), which permits a court to modify a defendant's term of imprisonment if it concludes that "extraordinary and compelling" reasons merit a reduction after considering the factors presented in 18 U.S.C. § 3553(a).

Hernandez-Hidalgo requests the Court reduce his sentence to time served because he is obese and "has a history of type II diabetes." (Dkt. 24 at 7). He

contends these conditions increase his susceptibility to COVID-19. In support of his claim, he states that before his time in custody he "received a type II diabetes diagnosis." (*Id.*). However, Hernandez-Hidalgo also admits that his "most recent blood work indicated that his A1C levels did not rise to the level of diabetes." (Dkt. 34 at 8). Hernandez-Hidalgo makes no claims that he has suffered any serious health problems resulting from his obesity, type II diabetes, or COVID-19, since his incarceration. The Government opposes his motion arguing that relief should be denied because obesity alone, with no other serious conditions, does not constitute an "extraordinary and compelling" reason to justify compassionate release. (Dkt. 36 at 3-4).

As the Government points out, many courts have denied relief under similar circumstances. (*Id.* at 4–5); *see United States v. Gonzalez*, No. 14-CR-1445-L-1, 2021 WL 2715575, at *3 (S.D. Cal. July 1, 2021) ("[O]besity on its own, without any medical conditions resulting from the elevated BMI, can be insufficient to demonstrate extraordinary and compelling reasons to grant relief."); *United States v. Votaw,* No. 11CR514, 2020 WL 3868468 (E.D. Cal. July 9, 2020) (holding that a BMI of 37.9 with no "other serious, underlying health conditions" "fails to persuade the Court that [the] medical condition qualifies as an 'extraordinary and compelling' reason for release"). And while obesity may increase Hernandez-Hidalgo's risk of becoming ill from COVID-19, *see* CDC, *People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (accessed Oct. 15, 2021) (overweight, obesity, or severe obesity "can make you more likely to get severely ill from COVID-19"), he does not suggest that he has suffered from any other physical or medical conditions that would present extraordinary and compelling reasons to modify his sentence. Nor has he demonstrated that his conditions substantially diminish his ability to provide self-care or that he can't be effectively treated within the correctional facility. U.S.S.G. § 1B1.13, App. Note 1(A)(ii)(I).

Hernandez-Hidalgo likewise hasn't established that the facility where he is housed is unable to safeguard his health during the remainder of his sentence. Indeed, none of the inmates at the facility where Hernandez-Hidalgo is incarcerated currently have active COVID-19 cases. Bureau of Prisons, *BOP: COVID-19 Update*, https://www.bop.gov/coronavirus/ (last accessed Oct. 15, 2021).

Equally important, the § 3553(a) factors continue to support the imposition of Hernandez-Hidalgo's original sentence. His offenses – distribution of 123 pounds of methamphetamine and 12 pounds of fentanyl were unquestionably serious and the Court finds that the sentence imposed represented "just punishment," and that there is a continuing need for deterrence under § 3553(a)(2)(B). In sum, Hernandez-Hidalgo hasn't demonstrated "extraordinary and compelling reasons" to warrant a reduction of his sentence, or that his health conditions outweigh the need for him to complete his sentence. His Motion for early release is **DENIED**.

**IT IS SO ORDERED**.

Dated: October 28, 2021

Larry A. Burns
Honorable Larry Alan Burns
Chief United States District Judge